IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00153-F

| | |
|---|---|
| RACHEL SAHOO and GOURAB SAHOO, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ORDER ) |
| JAMIE GLEATON and KITTY HART, *in their individual and official capacities*, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on Defendant's motion to strike certain documents filed by Plaintiffs because they contain the full names of Plaintiffs' minor children. [DE-30]. Plaintiffs filed a response in opposition [DE-33], and the motion is ripe for decision. For the reasons that follow, the motion is allowed in part and denied in part.

Plaintiffs filed this action against Defendants alleging claims under 42 U.S.C. § 1983 for deprivation of parental rights and denial of due process under the Fourteenth Amendment and claims under state law for negligence, gross negligence, recklessness, impeding and hindering public and legal justice, and a due process violation under the North Carolina constitution, all related to Defendants' actions in removing Plaintiffs' minor children from their custody. Compl. [DE-1]; Am. Compl. [DE-8]. Defendants filed an answer [DE-22] and partial motion to dismiss [DE-23]. The court entered a consent protective order to govern the discovery of juvenile records and court filings pursuant to North Carolina state law, N.C. Gen. Stat. §§ 7B-302(a1)(3) and 7B-2901. [DE-28].

Defendants filed the instant motion, pursuant to Rules 5.2 and 12(f) of the Federal Rules of

Civil Procedure, to strike Plaintiffs' complaint [DE-1], amended complaint [DE-8], and response to Defendant's motion to dismiss [DE-29] and its attached exhibits [DE-29-1, -29-2].[1] [DE-30]. Defendants contend that these filings contain the names of minors in violation of Rule 5.2 or are confidential documents protected from public disclosure under North Carolina state law and the court's protective order. Defs.' Mem. [DE-31] at 2-4. Plaintiffs counter that (1) the juvenile records and court filings were permissibly disclosed to Plaintiffs by the county clerk, pursuant to N.C. Gen. Stat. § 7B-302(a1)(5), and there are no subsequent confidentiality requirements imposed on them as the minors' parents; (2) Plaintiffs did not violate the court's protective order because the documents at issue were not produced pursuant to the protective order; and (3) Plaintiffs have not violated Rule 5.2(a) by using their minor children's names, but rather have waived those protections pursuant to subsection (h). Pls.' Resp. [DE-33] at 6-12.

As an initial matter, Rule 12(f) is not applicable here. The rule applies only to pleadings and, thus, would not apply to the response in opposition or exhibits thereto. *See* Fed. R. Civ. P. 12(f) (providing that "[t]he court may strike from a pleading"); Fed. R. Civ. P. 7 (providing that the pleadings in a case are comprised of the complaint, answer, and, if allowed, reply to an answer). Furthermore, the court may act under Rule 12(f) "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Defendants' motion was brought more than a month after it responded to the amended complaint with a motion to dismiss, and is, therefore, untimely. [DE-

---

[1] Generally, a motion to strike a complaint would be treated as a dispositive motion, in which case a magistrate judge can only make a recommendation for disposition to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Local Civil Rule 72.3(c). However, here Defendants state that "[f]ailure to comply with Rule 5.2 is a ground to strike plaintiff's filings *and require refiling of documents in conformity with the Rule.*" Defs.' Mem. [DE-31] at 2 (emphasis added) (citations omitted). Thus, where the relief sought by Defendants is not case dispositive, this is construed as a "pretrial matter" within a magistrate judge's authority to "hear and determine." 28 U.S.C. § 636(b)(1)(A).

2

23, -30]. Finally, although Defendants assert Rule 12(f) as one of the grounds for their motion, they provide no argument as to its application in their memorandum in support. The court, accordingly, declines to apply Rule 12(f) to strike the documents. Notwithstanding, the court finds that the use of the names of Plaintiffs' minor children violates Rule 5.2 and that the appropriate remedy is for the offending documents to be sealed by the clerk and for the amended complaint and response to be refiled by the Plaintiffs utilizing only the minor's initials.

The complaint [DE-1], amended complaint [DE-8], and response to Defendants' motion to dismiss [DE-29] and its attached exhibits [DE-29-1, -29-2] all contain the names of Plaintiffs' minor children. Rule 5.2 provides, among other things, privacy protection to minors by requiring the use of a minor's initials rather than his or her full name in court filings. Plaintiffs correctly point out that subsection (h) of Rule 5.2 provides that the protection may be waived "as to the person's own information by filing it without redaction and not under seal." However, it is significant that the minors at issue here are not parties to this action, heightening their privacy interests and diminishing the weight of Plaintiffs' waiver argument. Courts applying Rule 5.2(h) waiver have largely done so in cases where the actions were filed on behalf of minors, presumably by a "representative" with authority pursuant to Rule 17(c), which is absent here. *See, e.g., Estate of McDonnell ex rel. McDonnell v. Bressingham*, No. 11-CV-4221(WFK)(GRB), 2014 WL 5427975, at *1 (E.D.N.Y. Oct. 23, 2014) (unpublished); *Musick v. Dorel Juvenile Grp., Inc.*, 818 F. Supp. 2d 960, 961 n.1 (W.D. Va. 2011); *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 362 n.3 (N.D. Ind. 2009). The court is not persuaded by Plaintiffs' concern that the use of the minor's initials will be too confusing. Although two of the minors have the same first initial, they could be differentiated in other ways, such as by utilizing their first, middle, and last initials as Defendants did in their filings.

Finally, in a footnote to their response to Defendant's motion to dismiss, Plaintiffs assert that the juvenile petition and custody order in the state court proceeding were publicly filed.[2] [DE-29] at 3 n.2. However, Defendants dispute this assertion, [DE-31] at 3, and Plaintiffs do not raise it again in their response to the motion to strike. This court has recognized that, pursuant to North Carolina law "juvenile court records are generally confidential and withheld from public inspection[.]" *United States v. Beckton*, No. 7:11-CR-61-BR, 2012 WL 1564522, at *2 (E.D.N.C. May 2, 2012) (unpublished); *see also Brunson v. N.C. Dep't of Soc. Servs.*, No. 5:09-CT-03063-FL, 2013 WL 1768681, at *4 (E.D.N.C. Apr. 24, 2013) (unpublished) (recognizing that records of a child protective services investigation are protected by statute pursuant to N.C. Gen. Stat. § 7B-302). Plaintiff's reliance on the statutory exception for the production of such records to a parent, N.C. Gen. Stat. § 7B-302(a1)(5), is misplaced and does not erode the interests of the state or this court in protecting the privacy of a minor's records from *public* view. *See D'Alessandro v. North Carolina*, No. 5:14-CV-507-D, 2014 WL 7182975, at *2 (E.D.N.C. Oct. 3, 2014) (unpublished) (directing clerk to redact minor children's names from complaint filed by parent in suit to which the minors were not a party); *Powell v. Nash Cty. Dep't of Soc. Servs.*, No. 5:14-CV-281-FL, 2014 WL 4055831, at *2 (E.D.N.C. July 22, 2014) (unpublished) (same), *adopted by* 2014 WL 4062715 (Aug. 14, 2014); *Solomon v. PNC Mortg. Co.*, No. 5:13-CV-421-FL, 2013 WL 4461538, at *2 (E.D.N.C. Aug. 20, 2013) (unpublished) (same); *Yagoda v. New Hanover Child Protective Servs.*, No. 7:11-CV-00122-BO, 2011 WL 3911114, at *1 (E.D.N.C. June 30, 2011) (unpublished) (same), *adopted sub nom.*, 2011 WL 3911111 (Sept. 5, 2011); *White v. Bonner*, No. 4:10-CV-105-F, 2010

---

[2] In the same footnote, Plaintiffs move for an order allowing them to refer to their children by their given names. [DE-29] at 3 n.2. The Federal Rules require that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b).

WL 4625770, at *2 (E.D.N.C. Nov. 4, 2010) (unpublished) (ordering the parties to file a redacted version of a document to include only the minor's initials).

Accordingly, the court concludes that (1) the names of Plaintiffs' minor children are protected pursuant to Rule 5.2, and (2) the Wake County Human Services Child Protective Services records and all pleadings or filings in Wake County District Court case 15 JA 75-77 are confidential juvenile records protected pursuant to N.C. Gen. Stat. §§ 7B-302(a1) and 7B-2901, consistent with the consent protective order [DE-28]. The clerk is directed to permanently seal[3] the complaint [DE-1], amended complaint [DE-8], and response to Defendants' motion to dismiss [DE-29] and its attached exhibits [DE-29-1, -29-2]. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *1 (E.D.N.C. Oct. 7, 2014) (unpublished) (concluding, in the context of sealing a settlement, that the minors' privacy interests overcame the common law and First Amendment right of access and that "[c]ourts have held that compelling governmental interests require the sealing of documents relating to minors in general . . . ."). Plaintiffs are directed, by no later than **February 6, 2017**, to refile the amended complaint[4] and response to Defendants' motion to dismiss utilizing only the minors' initials in conformity with Rule 5.2. With respect to the attachments to the response, the court finds that redaction or utilizing the minors' initials is impractical and would not fully protect the confidentiality of the documents. Thus, sealing is narrowly tailored and necessary

---

[3] These documents had been provisionally sealed by the clerk pending the court's ruling on this issue in order to protect the privacy interests of the non-party minors.

[4] The original complaint is no longer operative and, thus, the court finds no cause for Plaintiffs to refile a redacted version of it at this time.

to protect the privacy of the minors and the confidentiality of the records.

SO ORDERED, the **24** day of January 2017.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge