IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-153-BO

| | |
|---|---|
| RACHEL SAHOO and GOURAB SAHOO, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>JAMIE GLEATON, KITTY HART, RICHARD )<br>HAYNER, SWEETLY SANDERS, UNKNOWN )<br>JOHN DOE SUPERVISORS AND )<br>POLICYMAKERS 1-10 and WAKE COUNTY, )<br>    Defendants. ) | O R D E R |

This cause is before the Court on defendant Wake County's motion to dismiss [DE 89]. The matter has been fully briefed and is ripe for ruling. For the following reasons, the motion is DENIED.

## BACKGROUND

From March 6, 2015 to May 22, 2015, plaintiffs lost custody of their three children following a report by a WakeMed hospital radiologist that their five-month old child, who had been intubated after his admission to the neonatal intensive care unit for breathing problems, had subdural hematomas that could be consistent with shaking. Plaintiffs regained custody after an evaluation by Duke pediatricians determined no abuse took place and the hematomas that existed were a result of the intubation. Plaintiffs then brought the instant action, alleging that the deprivation of their children gave rise to substantive due process claims, procedural due process claims, and state negligence and recklessness claims. They originally filed suit against defendants Jamie Gleaton and Kitty Hart. On March 23, 2018, plaintiffs filed additional claims,

including against defendant Wake County. Wake County has now moved to dismiss, arguing that the claims were brought outside the three-year statute of limitations.

## DISCUSSION

Claims brought pursuant to 42 U.S.C. § 1983 take their statute of limitations from the state in which the claims arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Here in North Carolina, personal injury torts have a three-year statute of limitations. N.C.G.S. §1-52.

Wake County argues that because the period of time during which the alleged wrongful conduct happened began on March 6, 2015, that is when the clock began to run. So, plaintiffs had until March 6, 2018 to bring their suit, and because they did not do so until March 23, 2018, the claim is time barred. Plaintiffs oppose the motion on multiple grounds, including arguing the claims against Wake County relate back to the original lawsuit filed in 2016.

This Court finds that Wake County's motion to dismiss should be denied because plaintiffs' causes of action did not fully accrue on March 6, 2015.

A statute of limitations period begins to run when a cause of action accrues. 549 U.S. 384 at 388. A cause of action accrues "when a plaintiff has a complete and present cause of action." *Id.* (internal citations omitted).

This case involves accusations of misconduct against several state employees over a period of time that began on March 6, 2015 and continued into May 2015. Defendant argues that because plaintiffs could have potentially brought a lawsuit only based on what they claim took place on March 6, their cause of action accrued and the clock began to run. This is incorrect. Plaintiffs' allegations continue into May. Their causes of action as alleged were not yet complete on March 6.[1] Because of this, defendant's motion must be denied.

---

[1] Defendant's own reply brief disputes factual allegations made by plaintiffs regarding events that occurred in May. [DE 98 at 3].

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 89] is DENIED.

SO ORDERED, this 29 day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE