UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-153-BO

| | |
|---|---|
| RACHEL SAHOO and GOURAB SAHOO, ) ) Plaintiffs, ) ) v. ) ) JAMIE GLEATON, in her individual capacity; ) KITTY HART, in her individual capacity; ) RICHARD HAYNER, in his individual and ) supervisory capacities; SWEETLY SANDERS, ) in her individual and supervisory capacities; and ) UNKNOWN JOHN DOE SUPERVISORS AND ) POLICYMAKERS, in their individual, ) supervisory, and official capacities; and WAKE ) COUNTY; ) ) Defendants. ) | O R D E R |

This matter is before the Court on third-party objectors' motion to quash defendants' subpoenas [DE 101], plaintiffs' motion to intervene on the motion to quash and to obtain a protective order [DE 104], and defendants' motion to seal their proposed exhibit [DE 110]. All have been fully briefed and are ripe for disposition. For good cause shown, defendants' motion to seal [DE 110] is GRANTED. For the following reasons, defendants' motion to quash [DE 101] is GRANTED IN PART and DENIED IN PART and plaintiffs' motion to intervene and to obtain a protective order [DE 104] is GRANTED IN PART and DENIED IN PART.

BACKGROUND

From March 6, 2015 to May 22, 2015, plaintiffs lost custody of their three children following a report by a WakeMed hospital radiologist that their five-month-old child, who had been intubated after his admission to the neonatal intensive care unit for breathing problems, had subdural hematomas that could be consistent with shaking. [DE 84]. Plaintiffs regained custody

after an evaluation by Duke pediatricians determined no abuse took place and the hematomas that existed were a result of the intubation. *Id.* Plaintiffs then brought the instant action, alleging that the deprivation of their children gave rise to substantive due process claims, procedural due process claims, and state negligence and recklessness claims. *Id.* In May 2018, the Court denied defendant Wake County's motion to dismiss. [DE 103].

In June 2018, plaintiffs deposed defendant Hart. During the deposition, plaintiffs' counsel introduced as exhibits three emails exchanged between plaintiffs and Batch, Poore & Williams, their former counsel. [DE 108]. The emails were marked as Deposition Exhibits 109, 110, and 114. *Id.* Defendants then served two subpoenas, dated July 27 and August 6, which directed Batch, Poore & Williams, and its three named partners, to produce "[a]ny and all records (in any form) related to Rachel Sahoo and Gourab Sahoo, including, but not limited to, any and all electronic files, written and electronic correspondence, notes, memoranda, letters, emails, text messages, photographs, pleadings, discovery, exhibits, and all other related documentation and materials." [DE 101, p. 4]. Objectors argued that the "subpoenas require disclosure of privileged or other protected matter and no exception or waiver applies." [DE 101, p. 1]. Defendants respond that plaintiffs "waived their attorney-client privilege for all correspondence exchanged between [plaintiffs and objectors] regarding the subject matter of any events or issues contained in the emails." [DE 108, p. 2]. Defendants have since withdrawn their request for any materials protected by work-product privilege. [DE 109-3].

Plaintiffs moved for leave to intervene on objectors' motion to quash and asked the Court to enter a protective order "(a) quashing the subpoena calling for the production of privileged communications served by defendants on Batch, Poore & Williams on July 27, 2018 and (b) precluding defendants from compelling compliance with the Third Request for the Production of

2

Documents, calling for the production of privileged communications, served by defendants" on the same day. [DE 104]. Plaintiffs argue that the three deposition exhibits did not waive any attorney-client privilege. *Id.*

## DISCUSSION

At the outset, plaintiffs' motion to intervene on third-party objectors' motion to quash must be granted. Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Defendants do not object to plaintiffs intervening on objectors' motion to quash, and as the dispute concerns plaintiffs and the instant lawsuit, and plaintiffs' interests could be impaired by the disposition of the motion, the motion to intervene must be granted.

Federal Rule of Civil Procedure 45 provides that one party may command another party to appear and testify or produce documents or objects for review. Fed. R. Civ. P. 45(a). On a timely motion, a court must quash a subpoena which requires disclosure of privileged information, provided no exception or waiver applies, and a court may quash a subpoena where it would require disclosure of a trade secret or other confidential research. Fed. R. Civ. P. 45(d)(3). Whether to quash a subpoena is committed to the court's discretion. *See generally, Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996). Objectors and plaintiffs raise attorney-client privilege as their basis for quashing defendants' subpoenas.

The attorney-client privilege "merits special protection 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Hanson v. U.S. Agency for Int'l Dev.*, 372

3

F.3d 286, 291 (4th Cir. 2004) (quoting *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981)). By its nature, the privilege "impedes the full and free discovery of the truth," and thus must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984).

The party claiming attorney-client privilege bears the burden of showing that it has not waived privilege. *In re Grand Jury Subpoena*, 204 F.3d 516, 522 (4th Cir. 2000). Waiver can be express or implied. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998). A party impliedly waives privilege when it discloses "any significant part" of a confidential communication to anyone not covered by the privilege. *In re Grand Jury Proceedings*, 727 F.2d 1352 at 1356. Waiver may also occur if the client puts an attorney-client communication at issue in a case. The affirmative defense of good faith reliance on advice of counsel, for example, waives the privilege concerning matters related to that advice. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1997). But attorney-client privilege does not attach to every aspect of communication between lawyers and their clients. The *fact* that legal advice was sought and given, for instance, is not privileged. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). Privilege, therefore, can be waived only when the *substance* of some privileged communication is disclosed. *Hanson*, 372 F.3d at 293–94.

Defendants argue that plaintiffs have waived their attorney-client privilege to a large extent, and this waiver justifies the subpoenas served on the third-party objectors and plaintiffs. Specifically, defendants argue that by marking three emails exchanged between plaintiffs and third-party objectors, their former counsel, as deposition exhibits, plaintiffs waived their attorney-client privilege as to the subjects contained in those emails.

4

At the heart of the dispute is the meaning of "confidential communications." Plaintiffs argue that the marked exhibits are communications that do not contain confidential information; defendants argue that it does not matter whether the particular facts in the communications are confidential, as the communications are, by their very nature, confidential. The Fourth Circuit has held that privilege applies when "the communication relates to a fact which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *Hawkins*, 148 F.3d at 383 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). Importantly, the Fourth Circuit does not require the communication to relate to a *confidential* fact; any fact communicated confidentially to an attorney, for the purpose of obtaining legal services, is privileged. Upon review of the record, the Court finds that all three emails marked as deposition exhibits by plaintiffs satisfy the *Hawkins* requirements and were, therefore, privileged.

Defendants advance a broad theory of subject-matter waiver. It is true that "a disclosure not only waives the privilege as to the specific information revealed, but also waives the privilege as to the subject matter of the disclosure." *Hawkins*, 148 F.3d at 384. But the limited waiver effected by plaintiffs' introduction of the three emails as deposition exhibits does not give defendants' license to obtain *every* privileged communication between plaintiffs and their counsel on the subjects only tangentially relevant to the emails. Instead, the Court finds that the following topics are subject to a partial waiver of the attorney-client privilege and must be disclosed:

1. The relevant medical opinions of Dr. Fuchs;
2. The medical records, conditions, and development of NES;
3. The medical records and development of NGS;

5

4. Conversations with defendant Hart and defendant Hart's actions in carrying out her visitation supervision duties;

5. The Wake County District Court's Orders on visitation and the supervision of visitation; and

6. The custody of MRS and applicability of Wake County District Court Orders to MRS.

In sum, plaintiffs may intervene in third-party objectors' motion to quash. Third-party objectors and plaintiffs must produce all materials in their possession that are responsive to the subpoenas and requests for production and that concern the above list of topics. Objectors and plaintiffs need not produce any other materials that are covered by attorney-client privilege or work-product privilege.

## CONCLUSION

For the above reasons, defendants' motion to quash [DE 101] is GRANTED IN PART and DENIED IN PART and plaintiffs' motion to intervene and to obtain a protective order [DE 104] is GRANTED IN PART and DENIED IN PART. For good cause shown, defendants' motion to seal [DE 110] is GRANTED.

SO ORDERED, this 30 day of October, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE